UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEENAN ROMERO, SEAN BURRELL
AND SHAYNEAL ABDULLAH, on behalf
of themselves and all those similarly situated,

    Plaintiffs,                              CIVIL ACTION NO.:

vs.

CAPSTONE LOGISTICS, LLC

    Defendant

# COLLECTIVE ACTION COMPLAINT

## INTRODUCTION

Plaintiffs assert claims for unpaid overtime wages on behalf of themselves and all others similarly situated pursuant to the collective action provisions of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA"), against Defendant Capstone Logistics, LLC, ("Defendant") due to Defendant's actions of failing to pay them overtime for all hours worked in excess of 40 per week. In so doing, Defendant deliberately and willfully violated Plaintiffs' and the putative FLSA Collective Classes' rights under the FLSA. Plaintiffs also assert a claim for unpaid final wages pursuant to Louisiana's Final Wage Payment Act, La. E.S. 32:631, *et seq.* Plaintiff Romero and Plaintiff Abdullah also assert an individual claim for retaliatory termination due to their efforts to exercise their rights under the FLSA. Finally, Plaintiff Burrell asserts a claim for retaliatory termination due to filing a Worker's Compensation claim in violation of La. R.S. 23:1361.

1. Plaintiffs define the proposed collective action class as follows:

All persons employed by Defendant since March 2020 who worked as unloaders, but were deprived of overtime pay for all hours worked in excess of 40 per week due to Defendant's failure to pay them overtime in violation of the FLSA.

## JURISDICTION

2. Jurisdiction is conferred upon this Honorable Court by 29 U.S.C. §216(b), this action arising under the FLSA; by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce; and by 28 U.S.C. §1331, this action involving questions of federal law. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the Eastern District of Louisiana is where "a substantial part of the events or omissions giving rise to the claim occurred ..."

## PARTIES

4. Plaintiff Romero at all times pertinent hereto was a resident of the State of Louisiana and worked for Defendant performing truck unloading services in the Parish of St. Tammany, State of Louisiana.

5. Plaintiff Burrell at all times pertinent hereto was a resident of the State of Louisiana and worked for Defendant performing truck unloading services in the Parish of St. Tammany, State of Louisiana.

6. Plaintiff Abdullah at all times pertinent hereto was a resident of the State of Louisiana and worked for Defendant performing truck unloading services in the Parish of St. Tammany, State of Louisiana.

7. Defendant Capstone Logistics, LLC is a Delaware corporation authorized to do and doing business in the State of Louisiana and in the Eastern District of Louisiana during the time periods complained of herein.

## PLAINTIFFS AND THE FLSA PLAINTIFFS ARE COVERED BY THE FAIR LABOR STANDARDS ACT

8. All previous paragraphs are incorporated as though fully set forth herein.

9. Defendant is in the business of providing third-party warehouse service providers, who provide, among other things unloading services to its customers. Defendants do significant business in the State of Louisiana and have a warehouse in Pearl River, Louisiana.

10. Plaintiffs and the putative collective action plaintiffs were hired by Defendant to provide unloading services for them.

11. Though Plaintiffs worked for Defendant in its Pearl River, Louisiana location, Defendant has multiple locations throughout the United States and pays its unloaders in the same manner in all locations.

12. At all times material hereto, Plaintiffs and the members of the FLSA Collective Action Class were "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

13. At all times material hereto, Plaintiffs and the members of the FLSA Collective Action Class were "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

14. Specifically, Plaintiffs and the FLSA Collective Action Plaintiffs utilized materials and equipment that originated outside the State of Louisiana to perform their jobs while employed by Defendants and were directly involved in unloading commerce that had traveled in interstate commerce.

15. Plaintiffs and the FLSA Collective Action Plaintiffs were not exempt from the overtime provisions of the FLSA.

16. At all times material hereto, Plaintiffs and the members of the FLSA Collective Action Class were the "employees" of Defendant within the meaning of FLSA.

17. Specifically, Defendant was responsible for hiring, firing, supervising, issuing payment to Plaintiffs and the putative Collective Action Plaintiffs and implementing the employment and payroll policies complained of herein and Plaintiffs were economically dependent upon Defendant.

18. At all times material hereto, Defendant was an "enterprise engaged in commerce" within the meaning of FLSA.

19. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

20. At all times material hereto, the work performed by the Plaintiffs and the members of the FLSA Collective Action Class was directly essential to the business performed by Defendant.

## COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff Romero worked for Defendant from February 2022 to November 2022 as an unloader. He was guaranteed a minimum rate of pay of $12.00 per hour as an unloader.

22. Plaintiff Burrell worked for Defendant from April 2022 to September 2022 as an unloader. He was guaranteed a minimum rate of pay of $12.00 per hour as an unloader.

23. Plaintiff Abdullah worked for Defendant from August 2022 to November 2022 as an unloader. He was guaranteed a minimum rate of pay of $12.00 per hour as an unloader.

24. Defendant retains persons to perform truck unloading for them as part of their logistics, transportation and warehousing business. It refers to these persons as "unloaders."

25. Defendant pays these unloaders via a percentage of the value of the product being unloaded, which varies between 23% and 25%, but also claims to guarantee them at least an amount of pay equal to a specific dollar amount per hour, in Plaintiffs' case, this was $12.00 per hour.

26. Defendant does not track the number of hours that unloaders work per week.

27. And, it was not uncommon for unloaders to work at least 10 hours a day for 5 days per week, for 50, and even at times, 70 hours per week.

28. However, despite the fact that unloaders are explicitly not exempt from the overtime provisions of the FLSA, Defendant did not pay unloaders at a rate of pay equal to one and one-half their regular rate of pay for hours worked in excess of 40 per week.

29. Accordingly, Plaintiffs bring claims for overtime wages asserted herein as a collective action pursuant to the FLSA, 29 U.S.C. §216(b).

30. Plaintiffs' claims for violations of the FLSA's overtime wages provisions may be brought and maintained as an "opt-in" collective action pursuant to the FLSA, for the unpaid overtime claims asserted by Plaintiffs are similar to the claims for unpaid overtime wages of the members of the Plaintiffs' proposed Collective Action Class.

31. Members of the proposed Collective Action Class are similarly situated, as they have substantially similar job requirements and provisions and are subject to one or more common practices, policies or plans that require them to perform work without overtime wage compensation.

32. Plaintiffs are representative of the other current and former employees that comprise the proposed Collective Action Class and are acting on behalf of their interests as well as Plaintiffs' own interests in bringing this action.

33. Plaintiffs will fairly and adequately represent and protect the interests of the members of the proposed Collective Action Class. Plaintiffs have retained counsel competent and experienced in complex employment class action and collective action litigation.

34. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

35. These similarly situated employees may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

### COUNT I: COLLECTIVE ACTION CLAIM FOR VIOLATION OF FEDERAL OVERTIME WAGE REQUIREMENTS

36. All previous paragraphs are incorporated as though fully set forth herein.

37. Defendant is an employer covered by the overtime wage mandates of the FLSA, and Plaintiffs and the proposed class were entitled to be paid overtime under the FLSA.

38. Defendant violated the FLSA by failing to pay Plaintiffs and the proposed class the legally mandated overtime rate of pay for every hour that they worked in excess of 40 per week.

39. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiffs and the proposed class as if they were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that they were not exempt.

40. At all times material hereto, Defendant failed to maintain proper time records as mandated by the FLSA.

41. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the proposed class at the federally mandated overtime rate of pay for all hours worked when they knew, or should have known, such was and is due.

42. Defendant has failed to properly disclose or apprise Plaintiffs and the proposed class of their rights under the FLSA.

43. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiffs and the proposed class suffered lost overtime wages plus liquidated damages.

44. Plaintiffs and the proposed class are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II: CLAIM FOR UNPAID FINAL WAGES PURSUANT TO LA. R.S. 23:631, *ET SEQ.*

45. In addition to their claims for unpaid overtime wages, Plaintiffs also assert a claim for unpaid final wages pursuant to La. R. S. 23:631, *et seq.*

46. As part of their pay, Plaintiffs were supposed to be paid a certain percentage for each and every truck they helped unload.

47. In addition, Defendant at one point increased the percentage that Plaintiffs were purportedly to be paid. However, Defendant failed to actually pay Plaintiffs this increased percentage.

48. Instead, despite having a paper record of all trucks Plaintiffs unloaded on their shifts, Defendant regularly and routinely failed to pay Plaintiffs for every truck that they unloaded. In general, at least one, maybe more, trucks would be missing from Plaintiffs' pay per pay period.

49. When Plaintiffs inquired as to why their checks were short, initially, Defendant would sometimes issue some portion of back pay (though not the total amount owed).

50. Ultimately, Defendant simply stopped advising Plaintiffs as to how much they would be paid for each truck so that they could not track their pay and complain when it was short.

51. This was done in an effort to stem Plaintiffs' complaints about not being paid properly and to increase Defendant's profits at the expense of Plaintiffs' pay.

52. All Plaintiffs ceased working for Defendants more than fifteen (15) days prior to the date this Complaint was filed.

53. However, despite knowing Plaintiffs are owed wages accrued, but not paid, Defendant has failed to pay Plaintiffs all of their final wages, including missing wages for unloading trucks for Defendant for which Defendant did not accurately credit them.

54. Defendant should have a record of each truck each Plaintiff unloaded and for which that Plaintiff was not paid and the monetary value that would indicate the percentages that should have been paid to each Plaintiff.

55. As a result of Defendant's bad faith refusal to pay Plaintiffs their final wages, Plaintiffs are entitled to recover their unpaid final wages, plus up to 90 days penalty wages, attorneys' fees and costs.

**COUNT III: CLAIM FOR RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT**

56. All previous paragraphs are incorporated as though fully set forth herein.

57. While employed by Defendant, Plaintiffs Burrell, Romero and Abdullah repeatedly requested proper payment from Defendants for all hours that they worked and protested Defendants' unlawful payroll practices.

58. Rather than properly pay Plaintiffs pursuant to its obligation under the law, Defendant instead retaliated against them by failing to assign them to trucks to unload and/or assigning them to less lucrative trucks, directly in response to their demands that Defendant comply with the FLSA.

59. Defendants' intentional and blatant retaliation against Plaintiffs is in direct violation of the FLSA, which expressly prohibits an employer from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter..."

### COUNT IV: CLAIM FOR WRONGFUL TERMINSTION IN VIOLATION OF LOUISIANA'S WORKER'S COMPENSATION ANTI-RETALIATION PROVISION

60. Plaintiff Sean Burrell asserts a claim for wrongful termination in violation of Louisiana's Worker's Compensation Anti-Retaliation Act, R.S. 23:1361

61. While training a new employee as part of his duties working for Defendant, Plaintiff Burrell suffered an on-the-job injury when his foot was smashed between pallets during the unloading process.

62. Plaintiff Burrell reported his injury to his supervisor immediately and asserted his rights under this Louisiana's worker's compensation laws.

63. However, rather than provide treatment for his injury as required, Defendant delayed approving him to see a doctor for his injury.

64. Finally, Plaintiff was forced to hire a worker's compensation attorney to seek redress.

65. It was only after Plaintiff Burrell retained counsel, that he was able to seek medical treatment.

66. He was ultimately cleared to return to work and submitted the appropriate paperwork to Defendant to be put back to work.

67. However, Defendant repeatedly ignored his requests to be put back to work until he physically went to the work location to speak with his supervisor.

68. He was told that his supervisor could not get involved because Plaintiff Burrell had retained an attorney.

69. Finally, Defendant determined that he could return to work upon taking a drug test.

70. Plaintiff took the drug test, but Defendant claimed that it had not received the paperwork.

71. Defendant instead falsely asserted that Plaintiff Burrell had failed to take the drug test and terminated him.

72. La. R.S. 23:1361 expressly prohibits an employer from "discharg[ing] a person from employment because of said employee having asserted a claim for [worker's compensation] benefits."

73. Under clear Louisiana law, terminating Plaintiff constitutes a clear violation of La. R.S. 23:1361.

## CONSENT

74. Plaintiffs' consent to file this Complaint is evidenced by their signatures on the FLSA Consent Form that is attached hereto *in globo* as Exhibit "A."

## ATTORNEY'S FEES

75. Plaintiffs are entitled to an award of prevailing party attorney's fees pursuant to the FLSA. 29 U.S.C. § 201-209.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, Keenan Romero, Sean Burrell and Shayheah Abdullah pray that Defendant be duly served with a copy of this Complaint and that after due proceedings are had, that there be judgment rendered herein in favor of Plaintiffs and the proposed FLSA Collective Action Class and against Defendant for all damages reasonable in the premises, and demands a judgment containing the following:

   a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime wage provisions of the FLSA;

b. Enjoining Defendant from engaging in future minimum wage pay or other FLSA violations;

c. Awarding Plaintiffs and the proposed FLSA Collective Action Class overtime compensation for the hours worked for Defendant in excess of 40 per week;

d. Awarding Plaintiffs and the proposed FLSA Collective Action Class liquidated damages in an amount equal to the overtime wage compensation award;

e. Awarding Plaintiffs and the proposed FLSA Collective Class reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

f. Awarding Plaintiffs all unpaid final wages to which they are entitled under Louisiana's Final Wage Payment Act;

g. Awarding Plaintiffs up to 90-days penalty wages pursuant to Louisiana's Final Wage Payment Act;

h. Awarding Plaintiffs' attorneys' fees and costs pursuant to Louisiana's Final Wage Payment Act;

i. Awarding Plaintiffs Burrell, Romero and Abdullah compensation due to Defendants' unlawful and retaliatory termination of them pursuant to the FLSA;

j. Awarding Plaintiff Burrell compensation due to Defendants' unlawful and retaliation of him pursuant to Louisiana's Worker's Compensation Anti-Retaliation Statute;

k. Awarding Plaintiffs and the proposed FLSA Collective Action Class pre-judgment interest and all other interest to which they are entitled;

l. Awarding Plaintiffs and the proposed FLSA Collective Action Class all other relief to which they are entitled.

Respectfully submitted,

*/s/ Mary Bubbett Jackson*
Jody Forester Jackson, (La. Bar No. 28938)
Mary Bubbett Jackson, (La. Bar No. 29110)
**JACKSON+JACKSON**
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
T: (504) 599-5953
F: (888) 988-6499
E: jjackson@jackson-law.net
   mjackson@jackson-law.net
Attorneys for Plaintiffs

**Please Serve**
Capstone Logistics, LLC
Through its registered agent:
Cogency Global, Inc.
4459B Bluebonnet Blvd
Baton Rouge, LA 70809